UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES,

  -against-                              **MEMORANDUM AND ORDER**
                                          No. 93-CR-1365 (S-2)
ROBERT GALLAGHER,

              Defendant.
-------------------------------------------------x

**BLOCK, Senior District Judge:**

      Robert Gallagher is currently in custody pursuant to a 1996 judgment sentencing him principally to 39 years' imprisonment. In 1999, Gallagher petitioned for a writ of habeas corpus, which the Court construed as a motion pursuant to 28 U.S.C. § 2555 and denied as untimely. The Second Circuit affirmed. *See United States v. Malpeso*, 17 F. App'x 23, 26-28 (2d Cir. 2001). Some twelve years later, the circuit court denied Gallagher's request for leave to file a second § 2255 motion. *See Gallagher v. United States*, 711 F.3d 315, 316 (2d Cir. 2013).

      Gallagher now seeks relief from the Court's order denying his § 2255 motion under Federal Rule of Civil Procedure 60(b)(6). He invokes *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), in which Judge Gleeson used a similar Rule 60(b) motion as an opportunity to ask the United States Attorney to consider allowing him to vacate some of the convictions that drove the defendant's 57-year sentence. *See id.* at 314. She eventually agreed, and Judge Gleeson was able

"to give [the defendant] back more than 30 years of his life." *Id.* at 316.

This case has certain things in common with *Holloway*. Judge Gleeson's principal concern was with the lengthy prison terms that can result from "stacking" convictions under 18 U.S.C. § 924(c), which criminalizes the use of a firearm in connection with certain other crimes. The statute requires a mandatory sentence of at least 5 years for the first conviction, *see id.* § 924(c)(1)(A)(i) and—during the relevant time frame—20 years for each additional conviction, *see id.* § 924(c)(1)(C)(i).[1] The sentences must be consecutive to each other and to the sentence for the underlying crime. *See id.* § 924(c)(1)(D)(ii). Thus, Gallagher's two § 924(c) convictions added 25 years to his sentence.

There is, however, a crucial difference. The defendant in *Holloway* used a gun to commit three carjackings, none of which resulted in death or injury. *See* 68 F. Supp. 3d at 312. Gallagher used a gun to carry out a conspiracy to murder members of a rival faction within the Colombo crime family. *See Malpeso*, 17 F. App'x at 158. He shot at one such rival in an attempt to murder him, and ended up inflicting near-fatal injuries on an innocent bystander. *See id.* at 160. The Court is by no means deaf to appeals for sentencing sanity, *see, e.g.*, United States v. Nesbeth, ___ F. Supp. 3d ___, 2016 WL 3022073 (May 24, 2016); *United States v. Parris*, 573 F. Supp. 2d 744 (2008), but the harshness of Gallagher's sentence was commensurate with the nature

---

[1]Subsequent convictions now carry a mandatory minimum of 25 years.

of his crimes. Thus, his case does not present the extraordinary circumstances that might warrant the extraordinary remedy crafted by Judge Gleeson in *Holloway*.

Accordingly, Gallagher's motion for relief under Rule 60(b)(6) is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

June 29, 2016
Brooklyn, New York